# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | CASE NO. 5:23-cr-350 |
|---|---|---|
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| MUSTAFA AYOUB DIAB, | : | **MUSTAFA AYOUB DIAB'S** |
| | : | **TRIAL BRIEF** |
| Defendant. | : | |

Defendant Mustafa Ayoub Diab, through undersigned counsel, respectfully submits the following Trial Brief for his trial schedule to commence March 18, 2025.

      Respectfully submitted,

      STEPHEN C. NEWMAN
      Federal Public Defender
      Ohio Bar: 0051928

      */s/ Timothy C. Ivey*
      TIMOTHY C. IVEY
      Assistant Federal Public Defender
      Senior Litigator
      Ohio Bar: 0039246
      Akron Centre Plaza
      50 S. Main Street, Ste. 700
      Akron, OH 44308
      P: 330-375-5739 F: 330-375-5738
      E-mail: Timothy_Ivey@fd.org

      */s/ Christian Grostic*
      CHRISTIAN GROSTIC
      Assistant Federal Public Defender
      Ohio Bar: 0084734
      1660 West Second Street, Suite #750

Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: Christian_Grostic@fd.org

# TRIAL BRIEF

I. **Introduction**

Defendant, Mustafa Ayoub Diab, is accused of conspiracy to commit bank and wire fraud, wire fraud, bank fraud, theft of government funds, aggravated identity theft, and conspiracy to launder monetary instruments, from June 2020 through August 2021. Mr. Diab denies the allegations.

II. **Elements of the Offenses**

Mr. Diab is charged in Count 1 of the indictment as committing conspiracy to commit wire fraud and bank fraud, 18 U.S.C. § 1349, which provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Mr. Diab is also charged in Counts 2 through 13 with wire fraud, in violation of 18 U.S.C. § 1343, which provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice

Mr. Diab is also charged in Counts 13 through 24 with bank fraud, in violation of 18 U.S.C. § 1344, which provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice-
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

Mr. Diab is also charged in Counts 25 through 36 with theft of government funds, in violation of 18 U.S.C. § 641, which provides:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted

Mr. Diab is also charged in Counts 37 through 46 with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c), which provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person
>
> (1) section 641
> . . .
> (5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud)

Mr. Diab is also charged in Counts 47 with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), which provides:

> Any person who conspires to commit [Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity]

### III. Reasonably Anticipated Evidentiary Issues

Pending before the Court is Mr. Diab's Motion in Limine to exclude references to specific acts and to statements made by potential witnesses not called by the government to testify. (Dkt. 75: Motion in Limine). Any details of his prior convictions should not be disclosed to the jury. The details of the nature of his prior convictions should be excluded because the risk of unfair prejudice substantially outweighs the probative value of the record of conviction. *See Old Chief v. United States*, 519 U.S. 172 (1997). Statements from witnesses not called by the government

should be excluded based on the requirements of the Confrontation Clause and the Rules of Evidence. *See Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 547 U.S. 813 (2006).

The defense anticipates the government may try to prove Mr. Diab is guilty beyond a reasonable doubt by trying to prove that he was deliberately ignorant or willfully blind. In anticipation of this, the defense has requested a specific jury instruction as part of the joint submission of proposed jury instructions. The proposed instruction is:

1. Next, I want to explain something about proving a defendant's knowledge.

2. In deciding whether [the defendant] acted knowingly, you may infer that [defendant] had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to prove knowledge, you must prove two things beyond a reasonable doubt.

3. First, [the defendant] must have subjectively believed there is a high probability a fact exists.

4. Second, [the defendant] must take deliberate actions to avoid learning that fact.

See *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011); *cf.* Sixth Circuit Pattern Jury Instructions 2.09. Following *Global-Tech*, the proposed jury instruction is a correct statement of law and should be given to the jury in the instant case.

## IV.    Estimated Length of Trial

The estimated length of this trial is eight days.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928

 */s/ Timothy C. Ivey*
TIMOTHY C. IVEY

5

Assistant Federal Public Defender
Senior Litigator
Ohio Bar: 0039246
Akron Centre Plaza
50 S. Main Street, Ste. 700
Akron, OH 44308
P: 330-375-5739 F: 330-375-5738
E-mail: Timothy_Ivey@fd.org


 */s/ Christian Grostic*
CHRISTIAN GROSTIC
Assistant Federal Public Defender
Ohio Bar: 0084734
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: Christian_Grostic@fd.org